**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Charles T. Masters,<br><br>     Plaintiff<br><br>v.<br><br>Andrew Saul,[1] Commissioner of Social Security<br><br>     Defendant | Case No.: 2:17-cv-00905-JAD-BNW<br><br>**Order (1) Overruling Objection to Magistrate Judge's Report and Recommendation, (2) Adopting Magistrate Judge's Report and Recommendation, (3) Granting Plaintiff's Motion to Remand in Part, and (4) Denying Defendant's Cross-Motion to Affirm**<br><br>[ECF Nos. 16, 17, 18, 21, 22] |

Plaintiff Charles T. Masters brings this action for judicial review of the Commissioner of Social Security's denial of his applications for disability insurance benefits and supplemental income payments under Titles II and XVI of the Social Security Act (SSA).[2] An Administrative Law Judge (ALJ) held hearings after Masters's applications were denied both initially and on reconsideration, and the ALJ found that Masters is not disabled as defined in the SSA.[3] Masters's request for review of the ALJ's decision was denied, at which point the ALJ's decision became the final decision of the Commissioner.[4] Masters, contending that the ALJ erred in rejecting his pain and symptom testimony, moves to reverse the Commissioner's decision or, alternatively, to remand to the Commission for further proceedings.[5] The Commissioner filed a

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019. Under Federal Rule of Civil Procedure 25(d), I direct the Clerk of Court to substitute Andrew Saul for Nancy Berryhill as the defendant in this case.

[2] ECF No. 5.

[3] *Id.*

[4] *Id.*

[5] ECF No. 16.

cross-motion to affirm and opposes Masters's motion to reverse or remand.[6]  Masters did not file a reply.[7]

On August 16, 2019, Magistrate Judge Brenda Weksler issued a report and recommendation (R&R), recommending that I grant Masters's motion to reverse or remand in part and deny it in part.[8]  Her recommendation is to remand this case to the Commissioner for further proceedings only as to Masters's ankle-related symptom claim, but not his other claims.[9]  She further recommends that I deny the Commissioner's cross-motion to affirm.[10]  The Commissioner objects to the recommendation to remand, contending that Judge Weksler was inconsistent in her analysis and misapplied the substantial-evidence standard.[11]  Because the Commissioner objects only to the portion of Judge Weksler's recommendation regarding Masters's left ankle—not his other symptom claims—the ankle-symptom claim is the only portion I will address.[12]

Having reviewed the record de novo, I agree with Judge Weksler that Masters's ankle-symptom claim should be remanded to the Commissioner for further proceedings because the ALJ erred in failing to provide clear and convincing reasons to reject that claim and in failing to consider the totality of the record.  Thus, I: (1) overrule the Commissioner's objection, (2) adopt

---

[6] ECF Nos. 17, 18.

[7] ECF No. 21 at 1.

[8] *Id.* at 13.

[9] *Id.* at 12–13.

[10] *Id.* at 13.

[11] ECF No. 22.

[12] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

1  Judge Weksler's recommendations, (3) grant Masters's motion to remand in part, and (4) deny as

2  moot the Commissioner's cross-motion to affirm.

3                                             **Discussion**

4         The district court must review de novo any challenged findings and recommendations

5  when a party objects to a magistrate judge's R&R on a dispositive issue.[13]  "The district judge

6  may accept, reject, or modify the recommended disposition; receive further evidence; or return

7  the matter to the magistrate judge with instructions."[14]  In reviewing the ALJ's decision to deny

8  benefits, the district court is limited to determining whether the ALJ's findings were supported

9  by substantial evidence and whether the ALJ applied the appropriate legal standards.[15]  The

10 district court may set aside the ALJ's determination only if the ALJ's finding is not supported by

11 substantial evidence or is based on legal error.[16]  Substantial evidence means "more than a mere

12 scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might

13 accept as adequate to support a conclusion."[17]  If the evidence is subject to more than one

14 rational interpretation, one of which supports the ALJ's decision, then the district court must

15 uphold the ALJ's interpretation and affirm.[18]  Further, "we must consider the entire record as a

16 whole, weighing both the evidence that supports and the evidence that detracts from the

17

18

19

---

20 [13] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

21 [14] Fed. R. Civ. P. 72(b)(3).

    [15] *Id.*; 42 U.S.C. § 1383(c)(3).

22 [16] *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999).

23 [17] *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

    [18] *Id.* at 1039–40.

Commissioner's conclusion . . . and may not affirm simply by isolating a specific quantum of supporting evidence."[19]

In the Commissioner's final decision, the ALJ reviewed the history of Masters's left ankle, focusing exclusively on evidence from 2013.[20] This included the initial injury, the surgery to insert hardware into Masters's ankle, Masters's report of "no pain" eleven weeks after surgery, and a post-surgery examination that revealed "only mild swelling and tenderness."[21] However, the ALJ did not reference evidence from 2014 or 2015, including two medical records and Masters's testimony in the ALJ hearing.[22] A medical record dated December 16, 2014, indicated that Masters was "concerned about the hardware in the ankle as it is more prominent to him and does rub on his shoes/boots."[23] In the same medical record, the examining physician reported that Masters's range of motion in his left ankle is "abnormal" and that "[o]ne area is tender."[24] The physician recommended to Masters that he follow up with an orthopedist to review his ankle.[25] Another medical record dated September 2, 2015, indicated that "[t]he ankle hardware has been bothering [Masters] as it rubs on his boots and gets irritated."[26] In the same medical record, the examining physician reported again that Masters's range of motion in his left ankle is "abnormal" and that "the hardware is prominent and bulges the skin with redness. [sic]

---

[19] *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

[20] AR 30. AR refers to the Administrative Record in this matter, which was manually filed at ECF No. 15.

[21] *Id.*

[22] *See id.*

[23] AR 502.

[24] AR 504.

[25] *Id.*

[26] AR 580.

and mild tenderness."[27]  The physician indicated that he and Masters "discussed getting him into an orthopedist to discuss hardware removal and follow up."[28]  And when asked about his left ankle during his testimony on October 23, 2015, Masters testified that it is "getting worse" and that he thinks he needs "to have the screws and plates removed" because "they're starting to work loose."[29]

Despite the two medical records and Masters's testimony seemingly demonstrating that his left ankle was in a worse condition than it was in 2013, the ALJ did not rely on that evidence in his decision.[30]  Thus, as Judge Weksler says in the R&R, "[i]t is entirely possible that [Masters's] pain and symptoms changed over two years, especially given that . . . [the] hardware in his ankle . . . may have moved."[31]  The Commissioner objects that Judge Weksler should have applied the same reasoning to Masters's ankle symptoms as she did when she affirmed Masters's other symptom claims.[32]  Judge Weskler reasoned that the ALJ had clear and convincing reasons for rejecting Masters's testimony about his non-ankle-related symptoms because he testified multiple times that his medication and "routine and conservative" treatment were helping his other symptoms.[33]  However, whether the conservative treatment that Masters sought was sufficient to discount his statements about his ankle pain cannot be determined without examining all of the evidence about his ankle, not just evidence from 2013.[34]  The Commissioner

---

[27] AR 581.

[28] AR 582.

[29] AR 50–51.

[30] *See* AR 30.

[31] ECF No. 21 at 12.

[32] ECF No. 22 at 3.

[33] ECF No. 21 at 12.

[34] *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

further contends that Judge Weksler erred by "essentially hold[ing] that the ALJ should have emphasized an alternate set of facts."[35]  However, Judge Weksler noted that the ALJ should consider *all* of the facts, not some other alternative, and she indicated that "the ALJ may have inadvertently overlooked the 2015 medical records because Plaintiff's counsel, at the hearing, specifically pointed the ALJ to exhibits that contain 2013 records only."[36]

The ALJ's decision to reject Masters's pain and symptom testimony with respect to his left ankle was not supported by "substantial evidence," given that the ALJ failed to consider the totality of the evidence, including medical records and testimony that indicated  that Masters's condition was worsening.[37]  Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion," and a reasonable mind cannot accept only a limited portion of the facts as adequate to support the conclusion that Masters's testimony about his ankle should be discounted.[38]  Further, the ALJ failed to give "specific, clear and convincing reasons" for rejecting Masters's testimony about the severity of his ankle-related symptoms.[39]  Masters's testimony about his left ankle "getting worse" is consistent with evidence in the record from the two medical examinations indicating that his ankle's range of motion is abnormal and that the hardware "bulges" Masters's skin.[40]  The ALJ appeared to rely on characterizations of Masters's general medical treatment as "routine and conservative" as the basis for rejecting Masters's pain

---

[35] *Id.* at 5.

[36] ECF No. 21 at 12.

[37] *See Lingenfelter*, 504 F.3d at 1035; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

[38] *Lingenfelter*, 504 F.3d at 1035; *Andrews*, 53 F.3d at 1039.

[39] *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation and quotation omitted).

[40] AR 50–51, 502, 504, 580–82.

6

and symptom testimony.[41] While the ALJ's decision must be upheld "where the evidence is susceptible to more than one rational interpretation," it was not rational for the ALJ to disregard Masters's testimony and medical records showing a worsening of his ankle's condition.[42] Thus, Masters's ankle-related symptom claim must be remanded for further proceedings, so the Commissioner can assess the totality of evidence related to Masters's symptoms, not merely the evidence from 2013.

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Commissioner's objection to the R&R **[ECF No. 22] is OVERRULED** and the magistrate judge's R&R **[ECF No. 21] is ADOPTED**. IT IS FURTHER ORDERED that the plaintiff's motion to remand **[ECF No. 16] is GRANTED in part**. IT IS FURTHER ORDERED that the defendant's cross-motion to affirm **[ECF No. 17] is DENIED** as moot. IT IS FURTHER ORDERED that the Clerk of Court is directed to substitute Andrew Saul for Nancy Berryhill as the defendant in this case under Federal Rule of Civil Procedure 25(d), ENTER JUDGMENT in favor of Masters, REMAND THIS CASE for further proceedings consistent with this order, and CLOSE THIS CASE.

_____

U.S. District Judge Jennifer A. Dorsey
October 28, 2019

---

[41] AR 30.

[42] *Andrews* 53 F.3d at 1039–40.